## CLINE v. GUERRE.

1. **Appeal and Error—Attorney Fees—Evidence.**

   Defendant-appellant's claim in nonjury action against her for attorney fees that trial judge erroneously struck certain of her testimony as hearsay and otherwise limited her testimony unduly *held*, not substantiated, the record showing, rather, that the judge insisted that the stated issue, whether defendant had ever engaged one of the plaintiff partners as legal counsel, be tried.

2. **Same—Nonjury Cases—Supreme Court.**

   The Supreme Court is not a court of retrial in a nonjury action at law.

3. **Attorney and Client—Fees—Evidence.**

   Judgment for plaintiff attorneys in nonjury action against alleged former client *held*, not contrary to the clear weight of the credible evidence presented on behalf of plaintiffs.

Appeal from Genesee; Roth (Stephen J.), J.   Submitted October 5, 1961.   (Docket No. 28, Calendar No. 49,074.)   Decided December 1, 1961.

---

References for Points in Headnotes

[1, 3] 3 Am Jur, Appeal and Error § 1163.
[2] 3 Am Jur, Appeal and Error §§ 815, 817.

Assumpsit by Howard D. Cline and Francis J. George, doing business as Cline & George, against Anna Guerre for attorney fees. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Herbert W. Devine,* for plaintiffs.

*Stacey DeCamp,* for defendant.

BLACK, J. This is a suit by 2 partner-attorneys to recover for legal services allegedly rendered to defendant in pursuance of due retainer. The issue as tried was whether defendant had ever engaged plaintiff George as legal counsel. Trial to the court resulted in a judgment for plaintiff in the amount of $1,603.91. Defendant appeals and presents for review these questions:

1. Did the trial court err in rejecting certain testimony of defendant?
2. Did the trial court misunderstand the evidence?
3. Was the judgment of the trial court contrary to the preponderance of the evidence?
4. Did the trial court err in censuring counsel for defendant?

Question 1 as argued suggests that Judge Roth erroneously struck certain of defendant's testimony as hearsay and otherwise limited her testimony unduly. The references counsel make to the appendix do not support his allegation. They show rather that the judge insisted, properly we think, that the stated issue only be tried.

Questions 2 and 4 are visibly indecisive and present no ground for reversal.

This leaves the usual question, whether the judgment was contrary to the great weight of the evidence. Here we find, as often before in like cases, that the trial judge was called upon to decide whether plaintiff George, testifying as he did to the fact of

retainer by defendant and the doing of considerable work in pursuance of that retainer, should be believed as against the defendant's testimony that she at no time engaged his services and that she actually hired and paid another attorney to look after her claim (against third parties).

This is not a court of retrial. The trier of this defined issue of fact certifies to us that the plaintiffs' case was convincingly established and that the defense was weak. Such being the presented posture of the case, and there being no evidence upon which it may be said that plaintiff George's testimony was incredible or contrary to the clear weight of that which was received in opposition thereto, we can do naught but affirm.

Affirmed accordingly, with costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of of this case.